785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
FRED J. KELLY, Defendant-Appellant.
 85-3428
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 
 BEFORE: LIVELY, Chief Judge; MERRITT and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant appeals from his jury conviction for conspiracy to possess cocaine with intent to distribute it and for conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846 and for aiding and abetting possession with intent to distribute concaine and distributing cocaine in violation of 28 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. On appeal the defendant argues that the evidence was insufficient to support the jury verdict finding him guilty of conspiracy and aiding and abetting. He also contends that the district court erred in its instructions to the jury by failing to require a finding of an overt act as an element of conspiracy. This court held in United States v. Dempsey, 733 F.2d 392, 396 (6th Cir.), cert. denied, 105 S. Ct. 389 (1984), that an overt act need not be charged or proven under a 28 U.S.C. Sec. 846.
 
 
 2
 In arguing that the evidence was insufficient to provide the basis for conviction of conspiracy or aiding and abetting, the defendant appears to contend that there must be proof that the defendant was fully aware of the scope and extent of the conspiracy at the time he joined it. It well settled that a conspirator may join at any point in the progress of a conspiracy and if he does so he is held responsible for everything done in furtherance of the conspiracy even though he did not participate in its original formation. The Supreme Court has held that a person may be convicted of conspiracy 'upon showing sufficiently the essential nature of the plan and [his] connections with it, without requiring evidence of knowledge of all the details or of the participation of others.' Blumenthal v. United States, 332 U.S. 539, 557 (1947) (footnote omitted). We believe there was an abundance of evidence in this case from which the jury could reasonably infer that the defendant had knowledge of the general purpose of the conspiracy and intended to cooperate in its furtherance.
 
 
 3
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the district court did not commit reversible error in its jury instructions and that the evidence was sufficient to support the jury verdict.
 
 
 4
 The judgment of the district court is affirmed.